UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

TJ HOTELS, LLC
d/b/a RAMADA INN TITUSVILLE,
    Defendants.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendant, TJ HOTELS, LLC d/b/a RAMADA INN TITUSVILLE (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

### JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is an inn located on or about 3500 Cheney Hwy, Titusville, FL 32780 (hereinafter "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Middle District.

### PARTIES

4. Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5. Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues throughout Florida including a son who is a minor league baseball athlete in Florida who he frequently visits. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida.

6. Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

7. Defendant, TJ HOTELS, LLC, is an LLC which is authorized to and does transact business in the State of Florida and within this judicial district.

8. According to the Florida Department of Business and Professional Regulation, the Defendant, TJ HOTELS, LLC, was licensed on 01/07/2020 and occupies 3500 Cheney Hwy, Titusville, FL 32780 as a Motel known as "RAMADA INN TITUSVILLE".

9. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

10. Plaintiff most recently visited the Subject Premises on or about January 9, 2023 to stay overnight and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

11.     While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 15.  As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

12.     Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

13.     In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

14.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA.  Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

15.     A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

### Exterior Accessible Routes

I. There is no marked access aisle at the passenger loading zone adjacent to the vehicle pull-up space making it difficult for the plaintiff to utilize, in violation of Section 503.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Interior Accessible Routes

II. The carpet is not securely attached to the floor as required making it difficult for the plaintiff to exit the side entrance that leads to the pool area, in violation of section 302.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Parking

III. The curb ramp is projecting into the accessible parking space creating a slope that exceeds the maximum allowance of 2.1% in any direction making it difficult for the plaintiff to traverse the parking stall, in violation of section 406.5 of the 2010 ADA Standards, whose resolution is readily achievable.

IV. The accessible parking stalls are missing compliant parking signage 60 inches minimum above the ground to the bottom of the sign that includes the international symbol of accessibility (ISA) making it difficult for the plaintiff to identify that accessible parking, in violation of section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

V. The striping's for the accessible parking stall are dilapidated and in need of maintenance making it difficult for the plaintiff to identify as an accessible parking stall, in violation of section 502.3.3 of the 2010 ADA Standards and 26 CFR 36.211, whose resolution is readily achievable.

### Entrances

VI. There is no signage indicating accessibility with the international symbol of accessibility (ISA) posted at the main entrance making it difficult for the plaintiff to identify the facility as accessible, in violation of 216.3 and 703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

VII. The wood stored on the ground and trash receptacle are obstructing the 18 inches of latch side clearance parallel to the doorway making it difficult for the plaintiff to enter the hotel from the pool area, in violation of section 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

VIII. The side entrance pull door does not provide 18 inches of latch side clearance parallel to the doorway making it difficult for the plaintiff to enter the hotel from

the side entrance, in violation of secton 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Common Lobby Area**

IX. The computer desk in the lobby does not provide compliant knee and toe clearance making it difficult for the plaintiff to utilize, in violation of sections 306.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Pool Area**

X. The pool area does not provide at least 5% of compliant seating at the tables as required making it difficult for the plaintiff to utilize the tables, in violation of Section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

XI. The tables in the pool area do not provide compliant knee and toe clearance as required making it difficult for the plaintiff to utilize, in violation of Sections 306.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

XII. The pool and spa do not provide pool lifts readily usable as required making it difficult for the plaintiff to utilize the pool and spa, in violation of section 242.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**Restroom**

XIII. The rear wall grab bar does not extend 12 inches minimum on one side and 24 inches on the other side of the toilet measured from the centerline of the toilet making it difficult for the plaintiff to utilize, in violation of section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

XIV. The flush control is located on the wrong side of the water closet making it difficult for the plaintiff to operate the toilet, in violation of section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

XV. The toilet paper dispenser is obstructing the 12 inches of spacing above the side wall grab bar making it difficult for the plaintiff to utilize the grab bar, in violation of section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

XVI. The trash receptacle is obstructing the clear floor space for a forward or side approach to the paper towel dispenser making it difficult for the plaintiff to utilize, in violation of sections 305.3 and 305.5 of the 2010 ADA Standards, whose resolution is readily achievable.

XVII. plaintiff had to use caution when utilizing the lavatory due to the water lines being exposed and in need of insulation, in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

XVIII. The toilet compartment stall door is missing a u-shaped loop handle on the inside as required making it difficult for the plaintiff to operate the door, in violation of section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.\\

XIX. The coat hook exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach, in violation of sections 308.2, 308.3, 309.3, and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

XX. The side wall grab bar does not extend 54 inches minimum from the rear wall making it difficult for the plaintiff to utilize, in violation of section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Room 108**

XXI. The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

XXII. The guestroom door does not provide 18 inches of latch side maneuvering clearance parallel to the doorway as required making it difficult for the plaintiff to exit the room, in violation of Section 404.2.4.1 in the 2010 ADA Standards, whose resolution is readily achievable.

XXIII. The plaintiff had difficulty using the peep hole on the entry door because an additional lowered peep hole was not provided. In violation of Section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

XXIV. The closet shelf, hanger rack, and iron exceed the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2, 308.3, and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

XXV. The bathroom door threshold exceeds the maximum change in level of ½ inch making it difficult for the plaintiff to traverse into the bathroom, in violation of section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

XXVI. The flush control is not located on the open side of the water closet making it difficult for the plaintiff to utilize, in violation of Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

XXVII. The plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water supply lines being exposed and in need of insulation, in violation of Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

XXVIII. The toilet paper dispenser is not in the compliant location 7 inches minimum and 9 inches maximum from the front rim of the toilet to the centerline of the dispenser making it difficult for the plaintiff to utilize, in violation of Sections 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

XXIX. The placement of the shower seat obstructs the clear floor space for an approach to the towel storage shelf making it difficult for the plaintiff to reach, in violation of Sections 305.3 and 305.6 in the 2010 ADA Standards, whose resolution is readily achievable.

XXX. The trash can and lavatory obstructs the toilets 60 inches of clear floor space measured perpendicular from the side wall making it difficult for the plaintiff to transfer to the toilet, in violation of sections 604.3.1 and 604.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

XXXI. The coat hook is mounted above the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach, in violation of sections 308.2.1, 308.3.1, and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

XXXII. The standard roll-in type shower does not provide a permanent folding seat as required in transient lodging making it difficult for the plaintiff to utilize, in violation of Sections 213.3.6 and 608.4 of the 2010 ADA Standards, whose resolution is readily achievable.

XXXIII. The controls for the standard roll-in type shower compartment is not in the compliant location on the back wall adjacent to the seat where a seat is required in transient lodging making it difficult for the plaintiff to utilize, in violation of Section 608.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

XXXIV. The standard roll-in type shower compartment does not provide a hand held shower spray unit that has a hose 59 inches long minimum with an on/off control with a non-positive shut-off making it difficult for the plaintiff to utilize the shower, in violation of section 608.6 of the 2010 ADA Standards, whose resolution is readily achievable.

XXXV. The side wall grab is not in the compliant location on the side wall as required making it difficult for the plaintiff to utilize, in violation of section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

16. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an

inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

17. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

18. The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

19. Because, *inter alia,* this facility was designed, constructed, and received its Certificate of Occupancy on January 7, 2020, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

20. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

21. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.  However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

22. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

23. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until

Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

24. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

25. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

26. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

27. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are

completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

                              Respectfully submitted,

                              s/ Lauren N. Wassenberg
                              Lauren N. Wassenberg, Esq. (FBN: 34083)
                                  *Attorney for Plaintiff*
                              Lauren N. Wassenberg & Associates, P.A.
                              33 SE 4th St., Ste. 100
                              Boca Raton, Florida 33432
                              (561) 571-0646
                              WassenbergL@gmail.com

                              s/ Glenn R. Goldstein
                              Glenn R. Goldstein, Esq. (FBN: 55873)
                                  *Attorney for Plaintiff*
                              Glenn R. Goldstein & Associates, PLLC
                              8101 Biscayne Blvd., Ste. 504
                              Miami, Florida 33138
                              (561) 573-2106
                              GGoldstein@G2Legal.net